## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **SHAWN WILMOTH, TRENTON POOL,** | : | |
| **SIGNATURE MASTERS, INC., and,** | : | |
| **BENZET CONSULTING LLC** | : | |
| | : | **Civil Action** |
| **Plaintiffs,** | : | |
| | : | **No. _____** |
| **v.** | : | |
| | : | |
| **KIM GUADAGNO, in her official capacity as,** | : | |
| **LT. GOVERNOR & SECRETARY OF** | : | |
| **STATE OF NEW JERSEY,** | : | |
| | : | ***Filed Electronically*** |
| **Defendant.** | : | |

## <u>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF</u>

1.      Plaintiffs, SHAWN WILMOTH, TRENTON POOL, SIGNATURE

MASTERS, INC., and BENZET CONSULTING LLC, by and through their

undersigned legal counsel, file this civil action for prospective equitable relief

against defendant, KIM GUADAGNO, in her official capacity as the Lt. Governor

and Secretary of State for the State of New Jersey to enforce rights guaranteed to

Plaintiffs under the First and Fourteenth Amendments to the United States

Constitution.  Plaintiffs requests declaratory and injunctive relief to prevent

Defendant's continued enforcement of New Jersey statutes that unconstitutionally

restrict core political speech, by requiring circulators of election nominating

petitions for candidates seeking political party nomination in primary elections to

be New Jersey residents and registered voters.

1

## NATURE OF THE COMPLAINT

2.     This is a civil rights action brought pursuant to 42 U.S.C. §1983, alleging, based on information and belief, that the requirement of N.J.S.A. § 19:23-11 requiring that a circulator of election nomination petitions for political party candidates must be a resident of the State of New Jersey and a registered voter affiliated with the same political party named in the election petition impairs clearly establish rights guaranteed to Plaintiffs under the First and Fourteenth Amendments to the United States Constitution.

3.     Plaintiffs asks this court for injunctive and declaratory relief to permit Plaintiffs, professional circulators of election petitions and resident of other states, to circulate New Jersey election nominating petitions for candidates of political parties seeking the nomination of their respective parties in New Jersey primary elections.

## JURISDICTION

4.     Jurisdiction lies in this Court under 28 U.S.C. § 1331, providing that district courts shall have original jurisdiction of all civil actions arising under the Constitution of the United States.

5.     Moreover, jurisdiction lies under 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a), the jurisdictional counterpart of 42 U.S.C. § 1983 as Plaintiffs allege

violation of rights guaranteed to them under the First Amendment, as applied to the states by the Fourteenth Amendment to the United States Constitution.

## VENUE

6.     Venue is proper in the United States District Court for the District of New Jersey under 28 U.S.C. § 1391 as the Defendant exercises her authority in the State of New Jersey and maintains her principal office within this district.

## PARTIES

7.     Plaintiff Shawn Wilmoth is 28 years old and is a professional circulator and resident of the State of Michigan, residing at 218 Tuscany Avenue, Eastpointe, Michigan, 48021.  Plaintiff is a registered voter in the State of Michigan and a dues paid member of the Michigan Democratic Party, the state affiliate of the Democratic National Committee.  Plaintiff was contracted by the campaign of Rocky De La Fuente, candidate for the Democrat nomination for President of the United States to circulate nomination petitions in the State of New Jersey to place the name of Rocky De La Fuente on the state's 2016 Democratic Primary Election.   Plaintiff was forced to use in-state residents to witness the signatures gathered by Plaintiff and Plaintiff's professional out-of-state circulators, causing a severe impairment of rights guaranteed to Plaintiff under the First and Fourteenth Amendments to the United States Constitution.   Plaintiff intends to file election nomination petitions for candidate Rocky De La Fuente on or before the

filing deadline of 4:00 pm April 4, 2016.  Plaintiff Wilmoth, along with other professional circulators paid for by Plaintiff Wilmoth through Plaintiff Signature Masters, Inc., has personally circulated election nomination petitions for Rocky De La Fuente in Michigan, Massachusetts, North Carolina, Illinois, Wisconsin, Maryland, Kentucky, New York and Connecticut.  Plaintiff Wilmoth views the circulation of election nomination petitions as a means to associate with voters to advance the message and political agenda of candidate Rocky De La Fuente. Plaintiff Wilmoth intends to circulate nomination petitions for candidates of New Jersey political parties in future elections.

8.     Plaintiff Shawn Wilmoth is willing to sign an affidavit, or any other paper, placing himself within and consenting to the jurisdiction of New Jersey prosecutorial and/or judicial officials with respect to any investigative and/or judicial procedure seeking to investigate and prosecute violations of New Jersey election law as a condition precedent to being permitted to freely circulate as a non-resident nomination petitions in the State of New Jersey for future primary elections.

9.     Plaintiff Signature Masters, Inc., is a Michigan corporation that specializes in petition management solutions on a national level. The management staff at SMI has collectively worked on petition drives in nearly every state in the United States over the past 10 years.  Plaintiff Signature Master, Inc., employed

professional non-New Jersey circulators to circulate 2016 nomination petitions for Rocky De La Fuente and resident New Jersey voters to witness the gathering of signatures collected by the non-resident professional circulators employed by Plaintiff Signature Masters, Inc., at great additional economic cost and impairment of the circulation of Rocky De La Fuente's 2016 nomination petitions.  Plaintiff Signature Masters, Inc., intends to circulate nomination petitions for candidates seeking the nomination of New Jersey political parties in future primary elections.

10.     Plaintiff Trenton Pool is a registered member of the Texas Republican Party, and resides in Texas at 3800 Creek Road, Dripping Springs, in Hays County. Plaintiff Trenton Pool is a professional circulator of election petitions who wanted to circulate election nomination petitions for one or more Republican candidates seeking the nomination of the Republican Party for the office of President of the United States but was prohibited from doing so because he does not know of and/or could not locate any in-state registered voter willing to serve as a witness of the nomination petitions that he wanted to circulate in 2016.  Plaintiff Pool is forbidden from circulating nomination papers on his own as a direct and proximate result of the challenged provision of N.J.S.A. § 19:23-11 for the sole reason that Plaintiff Trenton Pool is not "a registered voter in this State whose party affiliation is of the same political party named in the petition."  Plaintiff Trenton Pool is also desirous of circulating nomination petitions for Democratic candidates for public

office, and is prohibited from doing so by N.J.S.A. § 19:23-11.   Plaintiff Pool

wants to circulate nomination petitions for Democratic candidates because he

believes that nomination of Democrats closest to his political views advances his

political philosophy to a greater extent than the nomination of Democrats

espousing more extreme political views than those advocated by Plaintiff Trenton

Pool.   Plaintiff Trenton Pool intends to circulate nomination petitions for

candidates seeking New Jersey political party nomination in future primary

elections.

11.    Plaintiff Trenton Pool is willing to sign an affidavit, or any other

paper, placing himself within and consenting to the jurisdiction of New Jersey

prosecutorial and/or judicial officials with respect to any investigative and/or

judicial procedure seeking to investigate and prosecute violations of New Jersey

election law as a condition precedent to being permitted to freely circulate as a

non-resident nomination petitions in the State of New Jersey for future primary

elections.

12.    Plaintiff Benezet Consulting LLC is a Limited Liability Company

registered in the State of Texas with a principal place of business at 506 West 15th

Street, Suite 201, Austin Texas (hereinafter "Benezet").  Plaintiff Benezet is

engaged in the business of circulating nomination petitions for Republican and

Democratic candidates, including candidates for President of the United States.

Plaintiff Benezet contracts with candidates to circulate election petitions to secure access to state primary and general election ballots by charging a flat "per signature fee" requiring Benezet to absorb all costs associated with the circulation of election petitions, including: (a) travel and housing costs for professional out-of-state circulators employed by Benezet; (b) wages paid to circulators hired by Benezet; (c) wages paid to in-state witnesses, required by the statutory provisions challenged herein, to team-up with out-of-state Benezet professional circulators to execute the Affidavit attached to each sheet of a nomination petition; and (d) fees paid to notary publics to execute each Affidavit, as required by Defendant's unconstitutional enforcement of the statutory provisions challenged herein. Plaintiff Benezet Consulting LLC intends to circulate nomination petitions for candidates seeking the nomination of New Jersey political parties in future primary elections.

13.    Defendant Kim Guadagno is the Lt. Governor and Secretary of State of New Jersey.  As New Jersey's Secretary of State, defendant Guadagno heads the Division of Elections and serves as New Jersey's chief elections official charged with the ultimate responsibility to enforce the unconstitutional statutory provisions challenged in the above captioned action.  Defendant Guadagno is sued in her official capacity only.

## FACTS

14.     Plaintiffs are professional circulators of, among other things, election nomination petitions.

15.     Plaintiff Wilmoth is Chief Relations officer of Plaintiff Signature Masters, Inc.

16.     Plaintiff Pool is President of Plaintiff Benezet Consulting.

17.     Plaintiffs Wilmoth and Signature Master, Inc., have been hired by the campaign of Rocky De La Fuente, candidate for the Democrat nomination for President of the United States to circulate election nomination petitions in the State of New Jersey.

18.     Plaintiff Wilmoth has personally circulated election nomination petitions on behalf of Rocky De La Fuente in Michigan, Massachusetts, North Carolina, Illinois, Wisconsin, Maryland, Kentucky, New York, Connecticut and New Jersey.

19.     Plaintiff Wilmoth's circulation of election nomination petitions is Plaintiff's way to associate with voters across the county, and the State of New Jersey, to communicate the political message and agenda of candidates for public office that he supports, including the candidacy of Rocky De La Fuente for the Democratic nomination for President of the United States.

20.     In New Jersey, a political party means: "…a party which, at the election held for all of the members of the General Assembly next preceding the holding of any primary election held pursuant to this Title [Title 19], polled for members of the General Assembly at least 10% of the total vote cast in this State." N.J.S.A. 19:1-1.

21.     Currently, the Republican and Democratic parties are the only recognized "political parties" in the State of New Jersey.

22.     Plaintiff Signature Masters, Inc., circulated election nominating petitions in New Jersey for the candidacy of Rocky De La Fuente for the Democrat nomination for President of the United States.

23.     In New Jersey "[c]andidates to be voted for at the primary election for the general election shall be nominated exclusively by the members of the same political party by petition in the manner herein provided" by Title 19 of the New Jersey Statutes.  N.J.S.A. § 19:23-5.

24.     Petitions nominating candidates to be voted for by the voters of a political party throughout the entire State or of any subdivisions thereof more than a single county or any congressional district shall be addressed to Defendant Secretary of State.  N.J.S.A. § 19:23-6.

25.     A person who collects signatures on election nominating petitions for candidates in commonly referred to as a "circulator".

26.     Every circulator of an election nominating petition for a political party candidate in the New Jersey primary election "shall be a registered voter in this State whose party affiliation is of the same political party named in the petition." N.J.S.A. § 19:23-11.

27.     The requirement that circulators reside in the State of New Jersey means that any non-resident wishing to gather signatures on election nominating petitions for political party candidates must be accompanied at all times by a New Jersey resident.  N.J.S.A. § 19:23-11.

28.     The requirement that circulators must be registered in the same political party named in the petition means that any non-resident wishing to gather signatures on election nominating petitions for political party candidates must be accompanied at all times not just by a resident of New Jersey, but one who is a registered voter in New Jersey of the same political party named in the petition. N.J.S.A. § 19:23-11.

29.     The requirement that out-of-state circulators must be accompanied at all times by a New Jersey registered voter of the same political party named in the petition reduces Plaintiffs' ability to work efficiently to gather signatures at the times and places that Plaintiffs, as an out-of-state circulators, wish to gather signatures for the candidates they wants to help gain access to New Jersey's primary election ballot.

30.     As a direct and proximate result of the challenged statutory provisions requiring that circulators must be resident New Jersey registered voters of the same political party named in the petition, Plaintiffs are effectively prohibited from, or severely limited in, circulating election nominating petitions in New Jersey.

31.     Limiting the circulation of election nominating petitions to New Jersey resident registered voters of the same political party named in the petition limits the pool of circulators available to associate with the voters of New Jersey and the pool of persons able to communicate the political speech and agenda of candidates running for public office.

32.     The requirement that all circulators be New Jersey residents and registered voters of the same political party named in the petition places a severe burden on Plaintiffs by impairing Plaintiffs' ability to: (a) disseminate their political views unimpeded; (b) choose the most effective mode of conveying their message; (c) associate with the voters of New Jersey in a meaningful way to elicit political change; and (d) to secure ballot access for the candidates of their choice in the most effective, efficient and cost effective manner possible – all of which is implicit is Plaintiffs' circulation of election nominating petitions.

33.     All Plaintiffs intend to circulate election nomination petitions for candidates of political parties in New Jersey for the primary elections for the next four general elections as part of Plaintiffs' normal process of planning and

executing future petition drives for as many candidates of their choosing as possible.

34.     The challenged restrictions of N.J.S.A. § 19:23-11 creates a monopoly for New Jersey election petition circulators by directly increasing the costs and time necessary to execute petition drives by out-of-state professional circulators through the requirement that only out-of-state circulators must locate previously unknown in-state registered voters of the same party named in the petition and negotiate and employee these individuals to witness the collection of signatures on nomination petitions, a cost that in-state circulators do not need to incur.

35.     As a result of Defendant's legal obligation to enforce the unconstitutional requirements of the challenged provisions, Plaintiffs are unable to effectively plan for the efficient and cost-effective circulation of election nominating petitions for the candidates of their choice in future New Jersey primary elections.

36.     The short period of time allowed by statute to circulate election nominating petitions imposes a severe burden on Plaintiffs' First Amendment rights for any amount of time that Plaintiffs, as non-residents of New Jersey, are not permitted to freely circulate election nominating petitions for the candidates of their choice as a direct and proximate result of the challenged provisions in this action.

37.    The short period of time allowed by statute to circulate and file election nominating petitions virtually forecloses any opportunity to effectively challenge Defendant's enforcement of the challenged provisions against Plaintiffs once the period allowed by law to circulate election nominating petitions begins.

38.    Plaintiffs will continue to suffer immediate and irreparable harm to rights guaranteed to them under the First and Fourteenth Amendments to the United States Constitution if this Court does not grant the declaratory and injunctive relief requested in this action.

39.    In-state residency requirements for the circulation of election nomination petitions of the kind at issue in this action have been rejected by virtually every federal district court and courts of appeal to have considered the issue.

40.    The United States Supreme Court has expressly held that state imposed requirements that a circulator of election petitions be registered to vote is unconstitutional.

41.    Defendant's continued enforcement of the in-state circulator requirement challenged in this action is without any legal support.

42.    Defendant's continued enforcement of the registered voter requirement for circulators of election petitions challenged in this action is without any legal support.

43.     Plaintiffs have no other adequate remedy at law.

44.     The declaratory and injunctive relief requested by Plaintiffs will provide Plaintiffs complete relief as Defendant's enforcement of the statutory provisions at issue in this action is the sole reason for the harm caused to rights guaranteed to Plaintiffs under the First and Fourteenth Amendments to the United States Constitution.

45.     Plaintiffs are expressly willing to consent to the jurisdiction of the State of New Jersey and execute any document determined necessary to submit to the executive and judicial authority of the State of New Jersey in the investigation and/or judicial review of any allegation of election petition fraud as a condition precedent to the circulation of election nominating petitions in the State of New Jersey.

## <u>COUNT I</u>
### (Facial Challenge to the In-State Residency Requirement of N.J.S.A. § 19:23-11)

46.     Plaintiffs reasserts each preceding allegation as if set forth fully herein.

47.     The circulation of nomination petitions is core political speech provided the highest level of protection by the First Amendment to the United States Constitution.

48.     Signatures recorded on nomination petitions is core political speech protected by the First Amendment to the United States Constitution.

49.     The state residency requirement imposed on circulators of election nominating petitions in New Jersey as a direct and proximate result of N.J.S.A. § 19:23-11 places a severe burden on Plaintiffs' core political speech and is subject to strict scrutiny.

50.     Because the state residency requirement imposed on the circulation of election nominating petitions is not narrowly tailored to further a compelling governmental interest, the provision facially violates the First Amendment to the United States Constitution, as incorporated to the States by the Fourteenth Amendment to the United States Constitution and enforced by 42 U.S.C. § 1983.

51.     Furthermore, no state regulatory interest justifies the state residency requirement imposed on the circulation of election nominating petitions in New Jersey in violation of the First Amendment to the United States Constitution, as incorporated to the States by the Fourteenth Amendment to the United States Constitution and enforced by 42 U.S.C. § 1983.

52.     Defendant is a state actor charged with enforcement of N.J.S.A. § 19:23-11 against Plaintiffs.

53.     Accordingly, Defendant's enforcement of N.J.S.A. § 19:23-11 is the direct and proximate cause of the impairment of rights guaranteed to Plaintiffs

under the First and Fourteenth Amendments to the Constitution of the United

States for which Plaintiffs request relief.

## COUNT II
### (As-Applied Challenge to the In-State Residency Requirement of N.J.S.A. § 19:23-11)

54.     Plaintiffs reasserts each preceding allegation as if set forth fully

herein.

55.     The circulation of nomination petitions is core political speech

provided the highest level of protection by the First Amendment to the United

States Constitution.

56.     Signatures recorded on nomination petitions is core political speech

protected by the First Amendment to the United States Constitution.

57.     The state residency requirement imposed on circulators of election

nominating petitions in New Jersey is the direct and proximate result of N.J.S.A. §

19:23-11 and imposes a severe burden on Plaintiffs' core political speech and is

subject to strict scrutiny.

58.     Because the state residency requirement imposed on the circulation of

election nominating petitions is not narrowly tailored to further a compelling

governmental interest, the challenged provisions, as applied to Plaintiffs, violate

the First Amendment to the United States Constitution, as incorporated to the

States by the Fourteenth Amendment to the United States Constitution and enforced by 42 U.S.C. § 1983.

59.     Furthermore, no state regulatory interest justifies the state residency requirement imposed on Plaintiffs' circulation of election nominating petitions in New Jersey in violation of the First Amendment to the United States Constitution, as incorporated to the States by the Fourteenth Amendment to the United States Constitution and enforced by 42 U.S.C. § 1983.

60.     Defendant is a state actor charged with enforcement of N.J.S.A § 19:23-11 against Plaintiffs.

61.     Accordingly, Defendant's enforcement of N.J.S.A. § 19:23-11, as applied to Plaintiffs, is the direct and proximate cause of the impairment of rights guaranteed to Plaintiffs under the First and Fourteenth Amendments to the United States Constitution for which Plaintiffs request relief.

## COUNT III
### (Facial Challenge to the Registered Voter Requirement of N.J.S.A. § 19:23-11)

62.     Plaintiffs reasserts each preceding allegation as if set forth fully herein.

63.     The circulation of nomination petitions is core political speech provided the highest level of protection by the First Amendment to the United States Constitution.

64.     Signatures recorded on nomination petitions is core political speech protected by the First Amendment to the United States Constitution.

65.     The registered voter requirement imposed on circulators of election nominating petitions in New Jersey as a direct and proximate result of N.J.S.A. § 19:23-11 places a severe burden on Plaintiffs' core political speech and is subject to strict scrutiny.

66.     Because the registered voter requirement imposed on the circulation of election nominating petitions is not narrowly tailored to further a compelling governmental interest, the provision facially violates the First Amendment to the United States Constitution, as incorporated to the States by the Fourteenth Amendment to the United States Constitution and enforced by 42 U.S.C. § 1983.

67.     Furthermore, no state regulatory interest justifies the registered voter requirement imposed on the circulation of election nominating petitions in New Jersey in violation of the First Amendment to the United States Constitution, as incorporated to the States by the Fourteenth Amendment to the United States Constitution and enforced by 42 U.S.C. § 1983.

68.     Defendant is a state actor charged with enforcement of N.J.S.A. § 19:23-11 against Plaintiffs.

69.     Accordingly, Defendant's enforcement of N.J.S.A. § 19:23-11 is the direct and proximate cause of the impairment of rights guaranteed to Plaintiffs

under the First and Fourteenth Amendments to the United States Constitution for

which Plaintiffs request relief.

## COUNT IV
### (As-Applied Challenge to the Registered Voter Requirement of N.J.S.A. § 19:23-11)

70.    Plaintiffs reasserts each preceding allegation as if set forth fully

herein.

71.    The circulation of nomination petitions is core political speech

provided the highest level of protection by the First Amendment to the United

States Constitution.

72.    Signatures recorded on nomination petitions is core political speech

protected by the First Amendment to the United States Constitution.

73.    The registered voter requirement imposed on circulators of election

nominating petitions in New Jersey is the direct and proximate result of N.J.S.A. §

19:23-11 and imposes a severe burden on Plaintiffs' core political speech and is

subject to strict scrutiny.

74.    Because the registered voter requirement imposed on the circulation

of election nominating petitions is not narrowly tailored to further a compelling

governmental interest, the challenged provision, as applied to Plaintiffs, violates

the First Amendment to the United States Constitution, as incorporated to the

States by the Fourteenth Amendment to the United States Constitution and
enforced by 42 U.S.C. § 1983.

75.    Furthermore, no state regulatory interest justifies the registered voter
requirement imposed on Plaintiffs' circulation of election nominating petitions in
New Jersey in violation of the First Amendment to the United States Constitution,
as incorporated to the States by the Fourteenth Amendment to the United States
Constitution and enforced by 42 U.S.C. § 1983.

76.    Defendant is a state actor charged with enforcement of N.J.S.A §
19:23-11 against Plaintiffs.

77.    Accordingly, Defendant's enforcement of N.J.S.A. § 19:23-11, as
applied to Plaintiffs, is the direct and proximate cause of the impairment of rights
guaranteed to Plaintiffs under the First and Fourteenth Amendments to the United
States Constitution for which Plaintiffs request relief.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Court:

(1)    Enter a declaratory judgment against the challenged provision of
N.J.S.A. § 19:23-11 detailed above, including, but not limited to:

(a)    Declaring N.J.S.A. § 19:23-11 unconstitutional to the extent
that it prohibits non-residents of the State of New Jersey from circulating, or in any
other way prohibits non-New Jersey residents from executing any document or

section of an election nominating petition required to be executed to lawfully file an election nominating petition with Defendant;

      (b)    Declaring N.J.S.A. § 19:23-11 unconstitutional to the extent that it requires election nominating petitions to contain a certification that the circulator is a New Jersey resident;

      (c)    Declaring N.J.S.A. § 19:23-11 unconstitutional to the extent that it requires circulators of election petitions to be registered voters , or in any other way prohibits unregistered individuals from executing any document or section of an election nominating petition required to be executed to lawfully file an election nominating petition with Defendant; and,

      (d)    Declaring N.J.S.A. § 19:23-11 unconstitutional to the extent that it requires election nominating petitions to be circulated only by registered voters.

      (2)    Enter a permanent injunction enjoining Defendant from enforcing the challenged provision of N.J.S.A. § 19:23-11 detailed above, including, but not limited to:

      (a)    Enjoining Defendant from enforcing N.J.S.A. § 19:23-11 to the extent that it prohibits non-residents of the State of New Jersey from circulating, or in any other way prohibits non-New Jersey residents from executing any document

or section of an election nominating petition required to be executed to lawfully file an election nominating petition with Defendant;

(b)     Enjoining Defendant from enforcing N.J.S.A. § 19:23-11to the extent that it requires election nominating petitions to contain a certification that the circulator is a New Jersey resident;

(c)     Enjoining Defendant from enforcing N.J.S.A. § 19:23-11 to the extent that it requires circulators of election petitions to be registered voters , or in any other way prohibits unregistered individuals from executing any document or section of an election nominating petition required to be executed to lawfully file an election nominating petition with Defendant; and,

(d)     Enjoining Defendant from enforcing N.J.S.A. § 19:23-11 to the extent that it requires election nominating petitions to be circulated only by registered voters.

(3)     Award Plaintiffs the costs of this action together with reasonable attorney fees and expenses pursuant to 42 U.S.C. § 1988; and

(4)    Retain jurisdiction over this action and grant Plaintiffs any other relief

that this Court deems appropriate.

Dated:        April 4, 2016                    Respectfully submitted,

                                               ___/s/ *Lawrence M. Otter*_____
                                               LAWRENCE M. OTTER, ESQUIRE
                                               **ATTORNEY FOR PLAINTIFFS**
                                               PA ATTORNEY ID #31383
                                               P.O. Box 575
                                               Silverdale, PA  18962
                                               267-261-2948
                                               Email:  larryotter@hotmail.com


                                               _____/s/*Paul A. Rossi*_____
                                               PAUL A. ROSSI, ESQUIRE
                                               PA ATTORNEY ID # 84947
                                               **OF COUNSEL TO PLAINTIFFS**
                                               IMPG Advocates, Inc.
                                               873 East Baltimore Pike
                                               Suite #705
                                               Kennett Square, PA  19348
                                               717.961.8978
                                               Email:  Paul-Rossi@comcast.net