Lawrence M. Otter, Esq.
P.O. Box 575
Silverdale, PA  18962
267-261-2948
Email:  larryotter@hotmail.com

Paul A. Rossi, Esq.
Admitted *Pro Hac Vice*
IMPG Advocates, Inc.
316 Hill Street
Mountville, PA  17554
717.681.8344
Email:  Paul-Rossi@comcast.net

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALEXANDER ARSENAULT, TRENTON POOL, and ROQUE DE LA FUENTE,<br><br>Plaintiff<br><br>v.<br><br>TAHESHA WAY, in her official capacity as the Secretary of State for the State of New Jersey<br><br>Defendant. | Civil Action No.<br>16-1854-PGS-DEA<br><br>**SUPPLEMENTAL JOINT STIPULATION OF UNDISPUTED FACTS** |

Defendant, Tahesha Way, along with Plaintiffs, Alexander Arsenault,

Trenton Pool, and Roque De La Fuente, submit this Stipulation of Undisputed

Material Facts stipulated in accordance with L. Civ. P. 56.1 in support of their respective Motions for Summary Judgment.


1. Roque De La Fuente did not submit a petition to run as a republican presidential candidate in the 2020 New Jersey presidential primary election. Declaration of Donna Barber dated June 23, 2020 and filed as ECF No. 68 ("Barber Decl.") at ¶ 2.

2. Two Democratic Party candidates submitted nomination petitions in the 2020 New Jersey presidential primary election. Those candidates were Joe Biden and Bernie Sanders. Barber Decl. at ¶ 3.

3. The Board of Elections is unaware of having received complaints regarding the number of signatures required to get on the ballot from presidential candidates seeking nomination in New Jersey's closed partisan primary election. Barber Decl. at ¶ 4.

4. Plaintiff Arsenault is registered to vote in the Commonwealth of Massachusetts. Declaration of Alexander Arsenault dated July 20, 2020 and filed as ECF No. 72 ("Arsenault Decl.") at ¶ 1.

5. At all times during the pendency of the above captioned action, Arsenault has been and remains a registered member of the Democratic Party in the Commonwealth of Massachusetts. Arsenault Decl. at ¶ 2.

6.      Arsenault is a professional circulator of election petitions. Arsenault Decl. at ¶ 3.

7.      A professional circulator is an individual hired by a candidate who wants his/her name printed on the ballot. Arsenault Decl. at ¶ 4.

8.      Accordingly, a professional circulator is acting, at all times, as an agent of the candidate and the political party for whom the candidate is seeking ballot access. Professional circulators circulate election petitions at the behest of a candidate and/or the political party seeking ballot access. Arsenault Decl. at ¶ 5.

9.      A professional petition circulator is an individual who has chosen to collect election petitions to place the name of a candidate or a referendum question on the ballot. Arsenault Dect. at ¶ 6.

10.     Professional petition circulators determine locations where large numbers of individuals may be available in a short period of time and who may be qualified and willing to sign a petition circulated by the petitioner. Arsenault Decl. at ¶ 7.

11.     A professional circulator is able to quickly ask questions of strangers to determine if they are qualified and willing to sign the election petition offered by the circulator. Arsenault Decl. at ¶ 8.

12.     When a qualified voter indicates he/she is willing to sign the circulators petition, the professional circulator will instruct and monitor to make sure the voter

correctly execute the signature and other information required to be recorded on the petition to make sure that the signature will be valid upon future review. Arsenault Decl. at ¶ 9.

13.     Arsenault circulates election petitions on his own and on behalf of his petition circulation firm, Ballot Access Management, LLC. Arsenault Decl. at ¶ 10.

14.     Arsenault submits bids to candidates seeking access to the ballot in an effort to be awarded the petition drive for that candidate and then employs himself and contracts other professional petition circulators to collect and file the required number of valid signatures from qualified voters on petitions promulgated by the state in order to secure ballot access for the candidate(s) for whom he is circulating election petitions. Arsenault Decl. at ¶ 11.

15.     Arsenault has freely circulated election petitions in many states across the country, including California, in which I was not a resident. Arsenault Decl. at ¶ 12.

16.     However, as a resident of Massachusetts, Arsenault's primary focus is the circulation of election petitions in the North East United States, specifically, Pennsylvania, Delaware, New Jersey, New York, Connecticut, Rhode Island, Massachusetts, Vermont, New Hampshire and Maine. Arsenault Decl. at ¶ 13.

17.     Arsenault is a professional circulator because he believes ballot access for candidates and referendum questions is an important component of the democratic process. Arsenault Decl. at ¶ 14.

18.     In 2020, Arsenault managed the circulation of election petitions for Marianne Williamson and Democratic presidential candidate Tulsi Gabbard. Arsenault Decl. at ¶ 15.

19.     It is Arsenault's specific intention to continue to attempt to circulate election petitions for Democratic presidential candidates in New Jersey and the North East in 2024 and well beyond. Arsenault Decl. at ¶ 16.

20.     Arsenault has no intention to quit his profession of circulating election petitions to secure ballot access for the candidates of his choice. Arsenault Decl. at ¶ 17.

21.     Arsenault derives a vast majority of his income from the circulation and management of election petition drives. Arsenault Decl. at ¶ 18.

22.     Arsenault has never been accused of committing any form of petition fraud. Arsenault Decl. at ¶ 19.

23.     In order for Arsenault to either launch or participate in a candidate petition drive in New Jersey, he would have to advertise for and hire New Jersey residents to work with him to collect signatures so that the New Jersey resident could

execute the required affidavit attesting that the New Jersey resident and registered voter collected the signatures. Arsenault Decl. at ¶ 27.

24.   Arsenault is not aware of any professional petition circulators who reside in the State of New Jersey. Arsenault Decl. at ¶ 30.

25.   Arsenault is not aware of any professional petition firms located in the State of New Jersey. Arsenault Decl. at ¶ 31.

26.   In order to employ a New Jersey resident, Arsenault would have to spend funds to advertise in newspapers, and on the internet. Arsenault Decl. at ¶ 32.

27.   It is Arsenault's direct experience that 90% of those who respond to his advertisements to work with him, and other circulators contracted by him to complete a petition drive, do not have the skills and/or inclination to successfully work a petition drive to conclusion. Arsenault Decl. at ¶ 33.

28.   After someone responds to Arsenault's advertisement, he has to train the individual as to the laws of the state and the requirement that they must witness the signing of each and every signature executed on the candidate petition. Arsenault Decl. at ¶ 34.

29.   In most circumstances, individuals who respond to Arsenault's advertisements for in-state witnesses do not want to work the number of hours that Arsenault likes to work and do not want to work in the cold and/or heat necessary to collect signatures. Arsenault Decl. at ¶ 35.

30.    Professional circulators, such as Arsenault, are able to collect a large number of signatures in a shorter period of time than most volunteer petition circulators because he is willing to move through crowds to interact with strangers and quickly ask them questions to determine if they are qualified to sign the candidate's petition and if they are willing to do so. Arsenault Decl. at ¶ 36.

31.    It is also Arsenault's direct experience that most of the individuals who respond to his advertisements for in-state witnesses are not willing to walk through crowds to witness the collection of signatures and would rather sit or remain in the stationary position thereby reducing their exertions, but directly hindering Arsenault's ability to collect petition signatures in the most efficient manner possible. Arsenault Decl. at ¶ 37.

32.    It is also Arsenault's direct experience that many individuals who respond to his advertisements for in-state witnesses very often do not show up for work, which, in a state such as New Jersey, prevents me from collecting any signatures on days that the in-state witness fails to show up for work, which increases the cost of the petition drive because Arsenault has to pay to sit in a hotel until he can locate a new in-state witness who is willing to show up and do some work on the petition drive. Arsenault Decl. at ¶ f38.

33.    Even when an in-state witness does show up for work, they do so for a wage, which means that the cost of the petition drive, on a per-signature basis, is

increased by about 50%, because the candidate has to pay twice for the same signatures, first to the professional circulator and second for the in-state witness to tag along so that they can execute the required affidavit that they witnesses the collection of the signatures on the date indicated on the petition. Arsenault Decl. at ¶ 39.

34.     Developing in-state talent to be able to communicate and interact with strangers to sign an election petition is unreliable and frequently unsuccessful. Arsenault Decl. at ¶ 40.

35.     Accordingly, in-state witnesses can only be effectively utilized by serving as a witness to the signing of the petition and, thereafter, execute the required affidavit on the petition attesting that they witnessed the collection of each signature on the date indicated on the petition. Arsenault Decl. at ¶ 41.

36.     As a direct result of the in-state circulator requirements in New Jersey, in order to bid for a petition contract, Arsenault has to add in the costs of the in-state witness expenses and inefficiencies caused by the use of in-state witnesses, which, in turn increases the cost of the petition drive for the candidate, and might cause the candidate to avoid seeking ballot access in New Jersey and/or prevent Arsenault from being able to circulate petitions for the candidate(s) of my choosing. Arsenault Decl. at ¶ 42.

GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY


/s/ Stuart M. Feinblatt_____
Stuart M. Feinblatt
Assistant Attorney General
Attorney for Defendant

DATED: August 13, 2020


/s/ Rachel Simone Frey_____
Rachel Simone Frey
Deputy Attorney General
Attorney for Defendant


DATED: August 13, 2020



IMPG ADVOCATES, INC.
ATTORNEYS FOR PLAINTIFFS

/s/ LAWRENCE M. OTTER, ESQ.
_____
Lawrence M. Otter, Esquire
Attorney for the Plaintiffs

DATED: August 25, 2020



_____
Paul A. Rossi, Esquire
Attorney for Plaintiffs

DATED: